Aravind Swaminathan
Orrick, Herrington & Sutcliffe LLP
701 Fifth Avenue, Suite 5600
Seattle, WA 98104-7907
Telephone: +1 206 839 4300
Facsimile: +1 206 839 4301
aswaminathan@orrick.com

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GLEN MORGAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TWITTER, INC.,<br><br>Defendant. | Case No. 2:22-cv-00122 MKD<br><br>SURREPLY REGARDING ARTICLE III STANDING |

SURREPLY RE: STANDING
2:22-cv-00122 MKD

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7097
+1 206 839 4300

Plaintiff's Response Regarding Article III Jurisdiction ("Response") is premised entirely on a basic error of law.  According to Plaintiff, this Court cannot conclude that it has standing unless it *also* concludes that Plaintiff's Complaint would survive a motion to dismiss under Rule 12(b)(6).  *See, e.g.*, Response at 1 (criticizing Twitter for arguing that "[t]he Court must accept Morgan's legal theory [for standing purposes], but tomorrow reject it in response to a Rule 12(b)(6) Motion."); *see also* Response at 4 (Twitter cannot "proffer[] a legal theory regarding the required protected interest on September 23 [for standing] only to … revers[e] its position on the law" for purposes of a Rule 12(b)(6) motion). Plaintiff's argument is tantamount to saying: "Anytime the Court thinks a claim should be dismissed on the merits under Rule 12(b)(6), the Court must instead dismiss for lack of *standing*."[1]

---

[1] It is thus Plaintiff, not Twitter, who is engaging in gamesmanship.  *Cf.* Response at 1 (accusing Twitter of "attempt[ing] to have its cake and eat it too"). In fact, on Plaintiff's telling, this Court can *never* reject his legal theory on the merits—either this Court has to accept his theory for purposes of both standing and a Rule 12(b)(6) motion, or it has to dismiss for lack of standing (and thus avoid ruling on the merits).  But standing is not a one-way ratchet that prevents federal courts from ever holding that a plaintiff's legal theory (e.g., an interpretation of a statute) is substantively invalid.

SURREPLY RE: STANDING
2:22-cv-00122 MKD

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1 206 839 4300

That is not the law. As the Ninth Circuit has explained, in no uncertain terms, "[t]he jurisdictional question of standing precedes, and does not require, analysis of the merits." *Equity Lifestyle Properties, Inc. v. Cnty. of San Luis Obispo*, 548 F.3d 1184, 1189 (9th Cir. 2008). Indeed, courts routinely conclude that the requirements of Article III standing are satisfied—before going on to conclude that a plaintiff fails to state a claim on the merits under Rule 12(b)(6). For instance, the Ninth Circuit did just that in *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589 (9th Cir. 2020). There, the Ninth Circuit first concluded that "Plaintiffs have standing to pursue their privacy claims under the [Stored Communications Act (SCA)]," *id.* at 599, and then concluded that "Plaintiffs' claims for relief under the SCA" failed as a matter of law, so "the district court correctly dismissed them" under Rule 12(b)(6)), *id.* at 609. Under Plaintiffs' theory—where standing exists only if the complaint pleads "sufficient facts under a cognizable legal theory" to survive a Rule 12(b)(6) motion, Response at 5—that should have been impossible. Indeed, contrary to Plaintiffs' claims that "the Ninth Circuit has clearly and unequivocally rejected Twitter's argument," Response at 4, the Court did exactly in *Facebook* what Twitter proposes here. It is no surprise, then, that Plaintiff does not identify a single case where a court has found standing to be lacking simply because it disagrees with the merits of the plaintiff's claims. *See, e.g.*, *In re Facebook, Inc., Consumer Priv. User Profile Litig.*, 402 F. Supp. 3d 767, 788 (N.D. Cal. 2019) ("'A party need not prove that

[an] action … is unlawful in order [for there to be] standing … Rather, in determining whether plaintiffs have standing, we must assume that on the merits they would be successful in their claims.'" (quoting *Muir v. Navy Federal Credit Union*, 529 F.3d 1100, 1106 (D.C. Cir. 2008)).

Plaintiff similarly errs in his argument that the prohibition on evaluating the merits when considering standing extends only to "fact question[s], not a question addressing the legal merits" of Plaintiff's claim.  Response at 8.  The Supreme Court itself has said the opposite, explaining that "standing in no way depends on the merits of the plaintiffs' contention that particular conduct is illegal"—i.e., assuming the facts are all true, is that conduct a violation of the law? *Warth v. Seldin*, 422 U.S. 490, 500 (1975).  Thus under *Warth*, consideration of both the legal and the factual question are prohibited.  And indeed, the Ninth Circuit's *Facebook* case discussed just above illustrates that very point: finding *first* that the plaintiffs had standing to bring an SCA claim; and *next* that the SCA claim there failed as a *legal* matter—because the "[p]laintiffs' interpretation of the SCA would stretch its application beyond its limits," *id.* at 609—not as a *factual* one.  So once again, it confirms that Twitter's approach here is sound (and common), and that Plaintiffs' rule (which requires courts to evaluate the legal merits of a claim before determining standing) cannot be right.

With Plaintiff's basic conflation of standing and the merits cleared away, his judicial estoppel argument falls as well.  Plaintiff claims that the position

1  Twitter took on a Rule 12(b)(6) in *Gray v. Twitter* estops the position Twitter has

2  taken *as to standing* in this case.  *See* Response at 9.  But as Plaintiff himself

3  admits, judicial estoppel applies only when (among other requirements), "a party's

4  later position must be clearly inconsistent with its earlier position."  *Id.* (quoting

5  *Clark v. S&J Advertising, Inc.*, 611 B.R. 669, 679 (E.D. Cal. 2019)).  But as just

6  explained, the standing inquiry requires *accepting* the validity of Plaintiff's

7  position on the merits, whereas a Rule 12(b)(6) motion exists precisely to *dispute*

8  the validity of Plaintiff's merits position.  The two questions are thus inherently

9  different, and so Twitter's positions across the two are not even in tension, much

10 less "clearly inconsistent."  Again, put simply, Twitter's position is that to decide

11 standing, the Court should look to the claims as pleaded, and determine whether

12 they allege an injury concrete enough to support Article III standing; then, if they

13 do, the Court can turn (on a motion under Rule 12(b)(6)) to the question of whether

14 they adequately state a claim.

15 Nor is Plaintiff correct to say that Twitter has "declined to even attempt" to

16 "demonstrate causation and redressability."  Response at 10.  To the contrary,

17 Twitter explained directly how both of those requirements were satisfied:

18 > The Complaint directly alleges that Twitter caused the injury, by wrongfully "obtain[ing]" and "s[elling]" Plaintiff's private telephone records.  *See, e.g.*,
19 > Compl. ¶ 78. And it seeks redress from Twitter for that injury—in the form of "statutory damages of $5,000 for each violation."  Compl. at 10.
20

Twitter Standing Filing at 4, n.1.  Plaintiff simply has no response.

21

## CONCLUSION

For all the rhetoric in Plaintiff's Response, he fails to address the most basic problem with his position: Under his view *every* decision dismissing a complaint as a matter law under Rule 12(b)(6) was wrongly decided, because each of those should have instead dismissed the action for lack of standing. That is not the law. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93 (1998) (explaining a court cannot render a merits decision unless it has standing). This Court should reject such an extreme view of the law, and hold instead that Twitter has demonstrated standing.

Dated:     October 14, 2022        ORRICK, HERRINGTON & SUTCLIFFE LLP


By: *s/Aravind Swaminathan*
Aravind Swaminathan (WSBA No. 33883)
aswaminathan@orrick.com

701 Fifth Avenue
Suite 5600
Seattle, WA  98104-7097
Telephone:  +1 206 839 4300
Facsimile:  +1 206 839 4301

Attorneys for Defendant

## CERTIFICATE OF SERVICE

On October 14, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing to all parties who are registered users of the CM/ECF System. The NEF for the foregoing specifically identifies recipients of electronic notice.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed at Seattle, Washington this 14th day of October 2022.

*s/ Aravind Swaminathan*
Aravind Swaminathan
(WSBA No. 33883)
aswaminathan@orrick.com
701 Fifth Ave., Suite 5600
Seattle, WA 98104

Telephone: +1 206 839 4300
Facsimile: +1 206 839 4301

SURREPLY RE: STANDING
2:22-cv-00122 MKD
- 6 -
ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7097
+1 206 839 4300