FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 14, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GLEN MORGAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TWITTER, INC.,<br><br>Defendant. | No. 2:22-cv-00122-MKD<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER<br><br>ECF No. 44 |

Before the Court is Defendant's Motion for Protective Order, ECF No. 44. The Court has reviewed the record and is fully informed. For the reasons set forth below, the Court grants Defendant's Motion for Protective Order, ECF No. 44.

## BACKGROUND

**A. Procedural Posture**

Plaintiff filed suit on May 3, 2022, in Spokane County Superior Court. ECF

ORDER - 1

No. 1 at 38-51.[1]  Defendant removed the action to federal court on May 19, 2022. *See* ECF No. 1.  On May 26, 2022, Plaintiff moved to remand the matter back to state court.  *See* ECF No. 8.  In the Motion to Remand, Plaintiff advised why he filed this action, when a nearly identical case—*Gray v. Twitter, Inc.*, No. 2:20-cv-01389-LK—was already pending in the Western District of Washington as of September 21, 2020.  ECF No. 8 at 5-7.  On August 30, 2022, Plaintiff filed a notice advising that the plaintiff in *Gray v. Twitter* voluntarily dismissed that action.  ECF Nos. 27, 27-1; *Gray v. Twitter, Inc.*, No. 2:20-cv-01389-LK, ECF No. 36.

On February 21, 2023, without seeking leave, Plaintiff filed a first amended complaint in this action.  ECF No. 35.  On May 2, 2023, the Court held a status hearing in the above-captioned matter.  *See* ECF Nos. 36, 38.  At that hearing, Defendant did not object to Plaintiff's filing of an amended complaint.

On May 5, 2023, the Court denied Plaintiff's Motion to Remand and ordered Defendant to answer or otherwise respond to Plaintiff's first amended complaint no later than 30 days after the order's issuance.  ECF No. 39 at 35.  On June 2, 2023,

---

[1] Throughout this Order, the Court's citations reference the page numbers included in the digital stamp provided by CM/ECF.

ORDER - 2

Defendant filed a motion to dismiss[2] and a motion for protective order. *See* ECF Nos. 43, 44. Plaintiff objects to the protective order. *See* ECF No. 50.

**B. Plaintiff's Claims for Relief**

Plaintiff brings this civil action pursuant to the Criminal Profiteering Act, RCW 9A.82.010, 9A.82.100. ECF No. 35 at 4 ¶ 14. A plaintiff may bring a civil suit under the Criminal Profiteering Act if the plaintiff "sustains injury to his or her person, business, or property by an act of criminal profiteering that is part of a pattern of criminal profiteering activity[.]" RCW 9A.82.100(1)(a). "Criminal profiteering" is defined as "any act, including any anticipatory or completed offense, committed for financial gain, that is chargeable or indictable under the laws of the state in which the act occurred and . . . punishable as a felony and by imprisonment for more than one year, regardless of whether the act is charged or indicted." RCW 9A.82.010(4). This includes the unauthorized sale or procurement of telephone records in violation of RCW 9.26A.140. RCW 9A.82.010(4)(nn).

Plaintiff asserts two theories under which Defendant has violated RCW 9.26A.140. First, Plaintiff alleges that Defendant unlawfully obtained his and other users' cell phone numbers which he and other users register with a Twitter

---

[2] Defendant's Motion to Dismiss, ECF No. 43, will be addressed by separate order.

ORDER - 3

account. *See* ECF No. 35 at 20-21 ¶¶ 115-126. Second, he asserts that Defendant sold that information to third-party advertisers from which Defendant illegally profited. *See* ECF No. 35 at 21-23 ¶¶ 127-139.

## LEGAL STANDARD

Fed. R. Civ. P. 26(c) provides the Court with "discretion to limit discovery 'for good cause . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . .'" *Edmonds v. Amazon.com, Inc.*, No. C19-1613JLR, 2020 WL 8996835, at *1 (W.D. Wash. Mar. 6, 2020) (quoting Fed. R. Civ. P. 26(c)). Generally, a pending motion to dismiss does not constitute good cause for staying discovery. *See id.*; *see also Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) ("Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect."). However, a district court does "not abuse its discretion by staying discovery pending the outcome of [a] dispositive motion" when good cause is shown. *In re Hayes*, 465 F. App'x 684, 685 (9th Cir. 2012) (not reported); *Dorian v. Amazon Web Servs.*, Inc., No. 2:22-CV-00269, 2022 WL 3155369, at *1 (W.D. Wash. Aug. 8, 2022) (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)) ("District courts have broad discretion to stay discovery pending resolution of potentially dispositive motions."); *see DiMartini v. Ferrin*, 889 F.2d 922, 926 (9th Cir. 1989), *amended by*, 906 F.2d 465

ORDER - 4

(9th Cir. 1990).

"A party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray*, 133 F.R.D. at 40 (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975))." Good cause may exist to stay discovery when there are "no factual issues require immediate exploration and the motions to dismiss present purely questions of law." *In re Hayes*, 465 F. App'x at 685. A stay of discovery is generally only warranted "when the dispositive motion in question raises preliminary 'threshold' issues that may preclude a court from reaching the merits of a claim." *Dorian*, 2022 WL 3155369, at *1; *see, e.g.*, *Little*, 863 F.2d at 685 (immunity of a defendant); *Jeter v. President of the United States*, 670 F.App'x 493, 494 (9th Cir. 2016) (jurisdiction) (not reported); *Zeiger v. Hotel California by the Sea LLC*, No. C21-1702-TL-SKV, 2022 WL 1499670, at *2 (W.D. Wash. May 12, 2022) (enforceability of an arbitration clause); *Ahern Rentals Inc. v. Mendenhall*, No. C20-0542-JCC, 2020 WL 8678084, at *1 (W.D. Wash. July 9, 2020) (venue).

Some district courts in the Ninth Circuit apply a two-part test when "deciding whether to impose a stay pending disposition of a motion." *Dorian*, 2022 WL 3155369, at *1 (citing *Roberts v. Khounphixay*, No. C18-0746-MJP-BAT, 2018 WL 5013780, at *1 (W.D. Wash. Oct. 16, 2018)). "First, the pending motion must be dispositive of the entire case." *Roberts*, 2018 WL 5013780, at *1

ORDER - 5

1   (citing *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500,

2   503 (D. Nev. 2013)).  Second, the district court "must consider whether the

3   pending motion can be decided without additional discovery." *Id.*  When a district

4   court applies this test, it "take[s] a preliminary peek at the merits of the dispositive

5   motion to assess whether a stay is warranted." *Id.*  The purpose of so-called

6   "preliminary peek" is to determine whether the motion can be decided as a matter

7   of law.  *Id.*; *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (noting the

8   district court has the authority to stay discovery "*when it is convinced* that the

9   plaintiff will be unable to state a claim for relief" (emphasis added)).

## DISCUSSION

11  Defendant argues that a stay of discovery is appropriate here for two

12  reasons.  First, this action is substantially similar to *Gray v. Twitter* and the

13  magistrate judge recommended dismissing that action with prejudice.  ECF No. 44

14  at 6; *Gray v. Twitter, Inc.*, No. 2:20-cv-01389-LK, ECF No. 22.  The Report and

15  Recommendation indicates that there was not enough information before the court

16  for it to determine that Defendant is a telecommunications company or that a

17  telephone number is a telephone record.  *Id.* at 12-14-17.  As mentioned above, the

18  plaintiff voluntarily dismissed that action before a district court judge could

19  address the Report and Recommendation.  Second, Defendant's motion to dismiss

20  "raises pure questions of law" which "can be fully resolved without discovery."

ORDER - 6

ECF No. 44 at 6.  Given Defendant's argument, the Court applies the two-part test discussed above.

### A. Dispositive Nature

In Defendant's motion to dismiss, Defendant argues that Plaintiff's claims fail as a matter of law.  *See* ECF No. 43 at 11-24.  If Defendant's motion prevails, the case will be terminated.  Accordingly, Defendant's motion may be dispositive of the above-captioned matter, and the first prong has been satisfied.

### B. Preliminary Peek

The Court has taken a preliminary peak at the merits of Defendant's motion to dismiss to assess whether it can be decided as a matter of law.  The Court finds that it can.

Defendant argues that Plaintiff's allegations "'fails as a matter of law,' because the conduct that 'Plaintiff accuses [Defendant] of here falls well outside the conduct that Section 140 prohibits."  ECF No. 44 at 13 (quoting ECF No. 43 at 7-8).  Defendant's assertion is based in part on the rationale and conclusion in the Report and Recommendation issued in *Gray v. Twitter*.  ECF No. 44 at 6, 9.  The Court notes that there was substantial litigation surrounding that Report and Recommendation—including a motion to certify questions to the State Supreme Court—and questions were left unanswered when the plaintiff voluntarily dismissed the action.  *See Gray v. Twitter, Inc.*, No. 2:20-cv-01389-LK, ECF Nos.

ORDER - 7

24, 25, 26, 27, 28, 29. However, the Court finds that the Report and Recommendation is instructive given the substantial similarity between the two actions and the motions for the limited purpose at this stage of whether discovery should be stayed pending the disposition of the motion to dismiss. *Compare* ECF No. 44 *with Gray v. Twitter, Inc.*, No. 2:20-cv-01389-LK, ECF No. 17. Given Defendant's motion to dismiss asserts that Plaintiff's claims fail as a matter of law, no additional fact should be necessary for the Court's assessment of Defendant's arguments.

## CONCLUSION

For the reasons discussed above, the Court finds good cause under Fed. R. Civ. P 26(c) to issue a protective order in this matter.

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Protective Order, **ECF No. 44**, is **GRANTED**. All discovery and discovery deadlines in this case are **stayed** pending this Court's resolution of Defendant's Motion to Dismiss.

**IT IS SO ORDERED.** The District Court Executive is directed to file this

ORDER - 8

order and provide copies to the parties.

DATED August 14, 2023.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 9